IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION


MICHELLE LYNN HARRIS,

JOEL BRIAN HARRIS, INDIVIDUALLY, AND

AS NEXT FRIENDS OF W.

C. AND E. H. MINOR CHILDREN

   PLAINTIFFS

V.                                                                      A CIVIL ACTION NO. 5:19-cv-182

RILEY PHILEN

And

R3 FARMS L.L.C.

   DEFENDANTS

COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

   MICHELLE LYNN HARRIS, JOEL BRIAN HARRIS, INDIVIDUALLY AND AS NEXT

FRIENDS OF W. C. AND E. H., MINOR CHILDREN file this their Plaintiff's Original

Complaint against Riley Philin and R3 Farms, L.L.C., and in support thereof would show as

follows:

## PARTIES

1.   Plaintiff, Michelle Lynn Harris, Joel Brian Harris, W. C. and E. H. are citizens and residents under the laws of the State of Texas.

2.   Defendant, Rile Philen is an individual and citizen under the laws of the State of Alabama.   Defendant may be served by serving him with process at 9679 Highway 28, Boyce Alabama, 71409.

3.   Defendant, R3 Farms L.L.C. is an entity formed under the laws of the State of Louisiana and may be served by its registered agent pursuant to the laws of the State of Louisiana: RICHARD BONNER V, Title: Registered Agent 311 BOB FRAZIER RD, BENTLEY, LA 71407-2805 GRANT PARISH.   Defendant does not have a registered agent for service of process in the Sate of Texas.

4.   In the event that any of the defendants or parties are misnamed or not included herein, it is Plaintiffs' contention that such as a "misnomer" and/or such parties were "alter egos" of the parties named herein.

## JURISDICTION

5.   This Court has jurisdiction over this lawsuit under U.S.C. 1332 (a)(1) plaintiff, Michelle Harris and Defendants, Riley Philin and R3 Farms, L.L.C. are citizens of different U.S. states and the amount in controversy exceeds $ 75,000.00, excluding interest and costs. Additionally, the defendants are in the business of trucking over state lines and the case involves a wreck occurring in Texas.

## VENUE

6.   Venue is proper in this district under U.S.C. Sec 1391(b)(2) because a substantial part of the acts and omissions giving rise to this claim occurred in this district.   More

specifically, the Defendant's driver struck the Plaintiff's vehicle from the rear on I H. 10,

West, in and near Seguin, Guadalupe County, Texas.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred to the brining of this

    cause of action.   Alternatively, to the extent that any conditions have not been met,

    failure to meet said conditions, if any has not prejudiced the defendants.

## FACTS

8. On or about July 30, 2017, Defendant, Riley Philen was the operator of a commercial

    truck transporting a trailer load of fracking sand thru Louisiana and into Texas on

    Interstate Highway West at and near Guadalupe County, Texas.

9.   The truck and trailer were identified by a Texas DPS trooper as owned under the

    corporate entity known as R3 Farms L.L.C.

10.   A passenger vehicle driven by Joel Harris was traveling in a westerly direction on

    I.H.10 West in the same traffic lane and ahead of the tractor trailer operated by the

    Defendant, Riley Philen.

10.   As both motor vehicles traveled the interstate, traffic slowed to a stop.  Joel Harris

    taking into account the traffic conditions, his speed, and the distance of traffic stopping in

    front of him brought his vehicle to a controlled and complete stop without striking the

    vehicle in front of him.

3

11.   After the Harris vehicle stopped, Riley Philen drove the tractor and trailer at such a speed and following distance that when he came up over a hill/elevation in the road, Defendant Philen failed to bring his vehicle to a stop without striking the Harris vehicle.

12.   The investigating officer reported that the tractor trailer driven by Riley Philen failed to control his speed.

13.   As a proximate result of the collision between the front of the 18 wheeler to the rear of the Harris vehicle, the Plaintiffs suffered personal injuries.

COUNT 1

14.   Plaintiff incorporates the facts alleged hereinabove the same as if fully set forth at length.

15.   Plaintiffs brings the cause against the Defendant, Riley Philen for negligence.

16.   Defendant, Philen was negligent in one or more acts or omissions, including those described below and herein each of which was a proximate cause of the occurrence in question and the injurie sand damages to the Plaintiffs:

    a.   In failing to keep a proper lookout

    b.   In failing to keep a safe and proper distance;

    c.   In failing to maintain a safe and proper speed;

    d.   In failing to properly apply the brakes;

    e.   In failing to account for then existing traffic conditions on the roadway;

    f.   In failure to have and employ adequate safety training and follow the Texas and Federal Motor Carrier Safety Regulations, the Texas Motor Vehicle Driver's Handbook, and the Texas Transportation Code for operation of the tractor trailer;

g.   Such other and further acts and omissions of negligence that may be shows at

trial.

## NEGLIGENCE OF R3 FARMS L.L.C.

17.  Plaintiff incorporates the facts alleged hereinabove the same as if fully set forth at
length.

18.  Failure to provide the necessary training to Riley Philen regarding the proper and safe
transport and braking of the tractor trailer load of frac sand.

19.  Failure to implement policies and procedures regarding the safe operation of the tractor
and trailer.

20.  Failure to properly train and supervise Riley Philen in the operation of the tractor and
trailer.

21.  Providing a commercial tractor trailer loaded with frac sand to Riley Philen to operate
into Texas roads without the proper education, background, training, experience or
driving history to safely operate the tractor trailer loaded with frac sand.

22.  Such other and further acts of negligence which may be shown at trial.

23.  At all relevant time, Riley Philen was an employee, agent, or partner of R3 Farms,
L.L.C. and acting within the course and scope of his employment, authority or agency of
R3 Farms, L.L.C.

24.  Under the doctrine of "Respondeat Superior", Defendant R3 Farms, L.L.C. is
vicariously liable for the acts and omissions of Riley Philen.

## DAMAGES

25.  Plaintiffs incorporate the facts alleged hereinabove as if fully set forth at length.

MICHELLE HARRIS

26. As a direct and proximate result of defendants' conduct, plaintiff, Michelle Harris suffered the following injuries and damages.

   a.   Reasonable and necessary medical expenses in the past;

   b.   Medical expenses in reasonable probability that she will probably incur in the future;

   c.   Physical pain and mental anguish in the past

   d.   Physical pain and mental anguish in the future;

   e.   Loss of wage earning capacity;

   JOEL HARRIS

27. As a direct and proximate result of defendants' conduct, plaintiff, Joel Harris suffered the following injuries and damages.

   a.   Reasonable and necessary medical expenses in the past;

   b.   Medical expenses in reasonable probability that he will probably incur in the future;

   c.   Physical pain and mental anguish in the past

   d.   Physical pain and mental anguish in the future;

   e.   Lost earnings and loss of wage earning capacity;

   E.H., MINOR CHILD

28. As a direct and proximate result of defendants' conduct, plaintiff, minor child: E. H. suffered the following injuries and damages.

   a.   Reasonable and necessary medical expenses in the past;

   b.   Medical expenses in reasonable probability that will probably incur in the future;

   c. .   Physical pain and mental anguish in the past

d.  Physical pain and mental anguish in the future;

W.C., MINOR CHILD

29. As a direct and proximate result of defendants' conduct, plaintiff, minor: W. C. suffered the following injuries and damages.

a.  Reasonable and necessary medical expenses in the past;

b.  Medical expenses in reasonable probability that will probably incur in the future;

c.  Physical pain and mental anguish in the past

d.  Physical pain and mental anguish in the future;

## JURY DEMAND

Plaintiffs respectfully make a jury demand pursuant to Federal Rule of Civil Procedure 38(b).

## PRAYER

For these reasons, Plaintiff, Michelle Harris, Joel Harris, Individually and as Next Friends of E. H. and W. C., minor children, ask for judgment against the defendant for the following:

a.  Actual damages over $ 75,000.00

b.  Pre-judgment interest

c.  Post-judgment interest;

d.  Costs of suit;

e.  All other relief that the Court deems appropriate at law or in equity.

Respectfully submitted,

Rudy M. Vasquez
Law Offices of Rudy Vasquez, P.C
1430 S. Flores Street
San Antonio, Texas  78204
(210) 225-2828